Justin D. Harris, #199112
HARRIS LAW FIRM, PC
7110 N. Fresno St., Suite 400
Fresno, California 93720
Telephone (559) 272-5700
Facsimile (559) 554-9989

Proposed Attorneys for ARS Investment Group, LLC

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>ARS INVESTMENT GROUP, LLC,<br><br>Debtor | Case No.: 15-12885-A-11<br><br>Chapter 11<br><br>DC No. HLF-2<br><br>Date: August 19, 2015<br>Time: 1:30 p.m.<br>Place: Dept. A, Ctrm 11, Fifth Floor<br>Judge: Hon. Fredrick E. Clement |

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR
OF LIENS AND OTHER INTERESTS**

ARS Investment Group, LLC ("**Debtor**" or "**Seller**") hereby moves the Court for authority to sell real property known as 18931 Via Sereno, Yorba Linda, California 92886-4127 (the "**Property**") to FS Property Investments, LLC ("**Buyer**") for the purchase price of $790,000.00, other than in the ordinary course of business, free and clear of liens and other interests pursuant to 11 U.S.C. §§363(b) and (f) (the "**Motion**").

In support thereof, Debtor respectfully represents the following:

1.      This Court has jurisdiction under 28 U.S.C. §1334 and 11 U.S.C. §363. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) & (N).



2. Venue is proper in this Court pursuant to 28 U.S.C. §1409 because Debtor's chapter 11 bankruptcy case is pending in this district.

3. The Property was scheduled as an asset in Debtor's bankruptcy schedules which identify Debtor's interest in the Property with a value of $790,000.

4. On June 30, 2015, prior to filing bankruptcy, Debtor accepted an offer from Buyer for $790,000.00 for the Property. The principal terms of the sale agreement include the following:

    a. Property is being sold "**As Is**";

    b. Total purchase price -- $790,000.00;

    c. Buyer has made a $25,000 deposit;

    d. Balance due at closing -- $765,000.00;

    e. Buyer agrees to pull all permits required by City of Yorba Linda to bring the Property up to code;

    f. Seller to remove any lis pendens;

    g. The sale is subject to overbidding at the hearing on the sale; and

    h. The sale is subject to Bankruptcy Court approval.

5. A true and correct copy of the sale agreement, addendum, and deposit check are filed collectively as Exhibit "A" to the Declaration of Alex Kodnegah filed in support.

6. The Property is subject to two deeds of trust. The first deed of trust is in favor of CA TD Specialists, which as of the petition date was approximately $523,000.00. The second deed of trust is in favor of the Robert and Rosina Korda living Trust, which as of the petition date was approximately $230,000.00.



MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS

Case 15-12885　　Filed 07/29/15　　Doc 11

7.　　There are outstanding property taxes owed to the Tax Assessor for Orange County in the approximate amount of $11,000.00. These outstanding taxes will be paid contemporaneously with the closing.

8.　　The Property is subject to a lis pendens recorded by the City of Yorba Linda for permit issues and alleged code violations. The Buyer has agreed to bear responsibility for any outstanding permit or other code violation issues, as a condition of sale. Debtor anticipates that the City of Yorba Linda will cooperate in releasing its lis pendens in light of the Buyer's willingness to resolve the permit/code violation issues.

9.　　The Property is also subject to a lis pendens recorded by Matthew and Linda Bovee, Trustees of the Bovee Family Trust. This encumbrance is disputed. In 2008, the Bovees obtained a judgment against Alex Kodnegah, personally, in the amount of $171,367.47. That judgment was not and could not be proper against Debtor because Debtor was not even formed until 2013. On or about April 8, 2015, the Bovees filed suit in Orange County Superior Court against both Debtor and Mr. Kodnegah. Neither the Debtor nor Mr. Kodnegah have been served with the lawsuit to date. The Bovees also recorded a notice of lis pendens shortly after filing their lawsuit. The Bovees allege alter ego and other theories in an unsuccessful attempt to cause Debtor to bear some responsibility for the judgment against Mr. Kodnegah. As part of this Motion, Debtor requests that the Court authorize the sale free and clear of the Bovees' disputed cloud on title.


HARRIS LAW FIRM

3

MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS

10.     Both Buyer's and Seller's brokers have waived their commissions on the sale.  For this reason, Debtor did not seek approval of the employment of its broker.  Title and escrow fees are estimated to be approximately $2,000.

11.     All debts, with the exception of the disputed debt to the Bovees, including any liens or other security interests encumbering the Property will be satisfied before or simultaneously with the transfer of title or possession to the Buyer.

12.     As explained in the Declaration of Alex Kodnegah filed in support, Debtor has a sound business justification for the proposed sale to the Buyer or an alternative higher bidder.  Here, Debtor is selling the Property to settle the first and second deed of trust holders for the Property.  The lis pendens in favor of the City of Yorba Linda will be released, and the property taxes will be paid.  The sale will actually result in net proceeds to the bankruptcy estate.  The sale will also prevent the loss of the Property to foreclosure.

13.     The proposed sale is justified because the price Buyer is willing to pay is fair and reasonable.  The Property was marketed for approximately six months prior to reaching an agreement with Buyer.  As disclosed in Debtor's bankruptcy schedules, the Property was severely vandalized on May 13, 2015.  Vandals removed the kitchen and master bath in addition to severely damaging other portions of the Property.  This means that the Buyer will need to pull all permits for and install a new kitchen and master bathroom.  There are also significant issues related to the pool, which were



unrelated to the vandalism.  The Buyer will bear responsibility for and resolve these issues after closing.  The Property is a major fixer-upper, which will require six figures to complete.  As a result of the significant vandalism, damage to the Property, and other necessary repairs, Debtor believes the price of $790,000 is fair and reasonable.

14. Notice of the proposed sale is being provided to all parties and entities who have a claim on the Property, who appear on the master service list and as scheduled in Debtor's bankruptcy schedules.  Debtor is also providing notice to the Orange County Treasurer-Tax Collector, who was inadvertently omitted from the original bankruptcy schedules.

15. This sale is subject to higher and better bids at the time of the hearing on the Motion.  Buyer is aware that the sale is subject to higher and better bids at the time of the hearing on the Motion.

## AUTHORITY

16. 11 U.S.C. §363(b)(1) authorizes the sales of property of the estate "other than in the ordinary course of business." To invoke Section 363(b)(1), the movant must articulate a business justification for his actions. *In re Lionel Corporation*, 722 F.2d 1063, 1071 (2nd Cir. 1983).  As explained above, Debtor has exercised its best business judgment in agreeing to sell the Property as proposed.


HARRIS LAW FIRM

17.     Sale of a property under Section 363 is proper in one of three ways, including a private sale with opportunity for overbid. Fed.R.Bankr.P. 6004(f)(1); *In re Mama's Original Foods, Inc.*, 234 B.R. 500, 505 (Bankr. C.D. Cal. 1999).

18.     Section 363(f) of the Bankruptcy Code additionally authorizes a debtor-in-possession to sell a property under Section 363(b)(1) free and clear of any and all liens, claims, encumbrances or interests if: (i) such proposed sale is permitted under applicable non-bankruptcy law; (ii) any party asserting a lien, claim or interest consents to such proposed sale; (iii) if the interest at issue is a lien, the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interests at issue is the subject of a bona fide dispute; or (v) the party asserting the claim or interest could be compelled, in a legal or equitable proceeding , to accept a money satisfaction for such interest. *See* 11 U.S.C. §363(f); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (finding that Section 363(f) is written in the disjunctive and a bankruptcy court may approve a sale "free and clear" provided at least one of the conditions stated above is met).

19.     In this case, Debtor has articulated a good business justification for the sale as explained above and in the Declaration of Alex Kodnegah filed in support of the Motion. The sale price is fair and reasonable particularly in light of the severe damage and vandalism to the Property. The proposed Buyer has agreed to bear responsibility for those repairs, which are estimated to be in the six-figure range. Moreover, the sale

results in the payment of all undisputed liens and encumbrances affecting the Property.

20. Debtor has also satisfied the requirements under Section 363(f) for a sale free and clear of liens and other interests. The purchase price for the Property exceeds the value of any undisputed liens, encumbrances, costs of sale, and will actually result in net proceeds to the Bankruptcy Estate. *See* 11 U.S.C. §363(f)(3).

21. The claim by the Bovees and related lis pendens is disputed and the subject of a bona fide dispute. Debtor submits that Section 363(f)(4) permits the sale of the Property free and clear of the Bovees' lis pendens and disputed claim.

## RELIEF REQUESTED

22. By this Motion, Debtor seeks an order providing that:
   a. The Motion be granted;
   b. Debtor be authorized to sell the Property, as described herein, to FS Property Investments, LLC, subject to higher and better bids at the hearing;
   c. The sale be free and clear of liens pursuant to 11 U.S.C. §363(f)(2) as to CA TD Specialists, Robert and Rosina Korda Living Trust, and the County of Orange Tax Assessor provided those liens are paid in full or as otherwise agreed by the parties;
   d. The sale be free and clear of the lis pendens and claim of Matthew and Linda Bovee , Trustees of the Bovee Family Trust pursuant to 11 U.S.C. §363(f)(4);
   e. The sale be free and clear of the lis pendens by the City of Yorba Linda in light of Buyer's assumption of responsibility for any code or permit



7

issues related to the Property and consent by the City of Yorba Linda pursuant to 11 U.S.C. §363(f)(2);

f. all costs of sale consisting of escrow and title fees be paid at closing;

g. the 14-day time period provided by Federal Rule of Bankruptcy Procedure 6004(h) is waived; and

h. any further relief as is just and appropriate under the circumstances.

**WHEREFORE**, Debtor respectfully requests this Court enter an order authorizing the sale of the above-described property in accordance with the terms laid out in this motion, waiving the 14-day time period laid out in Federal rule of Bankruptcy Procedure 6004(h), and further relief that the Court deems just and proper.

Dated: July 29, 2015

HARRIS LAW FIRM, PC

Justin D. Harris, Esq.